JOHN F. ROGGE ET AL. v. THE CITY OF ELIZABETH
ET AL.

Submitted March 9, 1899—Decided April 13, 1900.

1. The act of May 7th, 1889 (*Pamph. L., p.* 378), relating to the change of grade of streets in the cities of this state, requires that, when the owners of houses or other buildings standing upon a street are injuriously affected by a change in the grade thereof, the municipal authorities shall, at one and the same time, award damages for all such injuries, and assess such damages upon the lands and real estate benefited by the improvement, in proportion to the benefits received.

2. The city of Elizabeth, after changing the grade of certain portions of three of its streets, refused to recognize its liability for injuries to abutting property-owners resulting from such changes in grade, for the reason that it was exempted by its charter from such liability, and was not (as it claimed) affected by the act of May 7th, 1889. One C., an

abutting owner upon each of these streets, thereupon began suit to enforce the liability of the city under the statute of 1889 for the damages done to his property by these grade changes. The remaining owners took no steps to establish their rights until after the determination of C.'s suit and the consequent action of the city thereon. *Held*, that such owners were justified in assuming that, if it should be finally determined by the C. litigation that the statute of 1889 applied to the city of Elizabeth, the municipal authorities would then proceed to assess *all* damages and benefits, accruing from these changes of grade, in the manner provided by that statute, and were not guilty of laches in not sooner instituting legal proceedings for the enforcement of their rights.

On *certiorari*.

Before Justices DEPUE, GUMMERE and LUDLOW.

For the prosecutors, *George T. Parrot* and *Richard V. Lindabury*.

For the defendants, *James C. Connolly*.

The opinion of the court was delivered by

GUMMERE, J.   These writs bring up a certain assessment of damages made by the commissioners of assessments of the city of Elizabeth, under the following circumstances : In the year 1894 the grade of portions of Broad street, North Broad street and Morris avenue, three of the public streets of said city, was lowered in accordance with the provisions of an ordinance passed in the preceding year.   Certain owners of houses and other buildings located upon lots which abutted upon those portions of said streets, conceived that they were injuriously affected by these changes of grade.   The city, however, refused to recognize any liability for such injuries, on the ground that, by virtue of a supplement to its charter, passed in 1864 (*Pamph. L.*, p. 644), the losses sustained by property-owners, if any, were *damnum absque injuria*.   One Clark, who was an abutting property-owner on each of these streets, at points where the grade had been lowered, sued out writs of *mandamus* to compel the city authorities to assess the

damages incurred by him through these grade changes, contending that, by force of an act of the legislature passed May 7th, 1889 (*Id.*, *p.* 378), the immunity from liability, created by the charter supplement of 1864, had been done away with, and the city thereby made responsible for all damages done to the owners of buildings upon lots abutting on portions of streets the grade of which had been changed.

The act of 1889 is a general law, entitled "An act relating to the change of grade of streets in cities of this state." It provides by the first section that where any city of this state has power to change the grade of any street, or part of a street, upon which any house or any building stands or is erected, it shall be lawful for the municipal authorities in any such city, through its proper officers, to make or cause to be made a proper award of damages, if any, ensuing or arising to the owner or owners of any such house or building standing and erected upon any such street or part of a street the grade whereof is changed as aforesaid. The second section provides that the damages to be paid to such owner shall be assessed upon and paid by the lands and real estate benefited thereby in proportion to the benefits received.

The suit instituted by Clark went to the Court of Errors and Appeals, and it was there held that the act of 1889 applied to the city of Elizabeth; that by its provisions a liability was imposed upon that city to answer for such damages as were caused to abutting owners, upon whose lands buildings were erected, through a change of street grade; and that the method of making compensation for such damages was thereby provided. *Clark* v. *Elizabeth,* 32 *Vroom* 565. In pursuance of the judgment rendered by the Court of Errors and Appeals, the commissioners of assessment of Elizabeth (who were the officers charged with the duty) proceeded to assess the damages sustained by Clark through the change of grade of these streets, but did not award damages to any other of the abutting owners, upon whose lands buildings stood, although many of such owners attended before the commissioners and applied to have damages awarded. Nor

did the commissioners assess the damages which they awarded to Clark, upon the lands and real estate benefited by the alteration of grade in proportion to the benefits received, as required by the act of 1889. Those of the abutting owners whose application to have their damages assessed was refused by the commissioners, have now sued out these writs to review the assessment actually made, claiming that, by reason of the omissions above set forth, it is illegal.

It is suggested that these prosecutors should have proceeded by *mandamus* to compel the desired action by the commissioners, rather than by *certiorari* to review their assessment. This court has, however, already declared that the latter is the appropriate writ for reviewing such proceedings in those cases in which damages have been awarded to some, but not to all, abutting owners who are injuriously affected by the change in grade lines. *Stewart* v. *Hoboken*, 28 *Vroom* 330.

The method of procedure adopted by the commissioners was plainly not that intended by the act of 1889. The design of that statute was that the municipal authorities should at one and the same time award all damages arising to the various property-owners specified therein by the change of grade, and at the same time assess those damages upon the lands and real estate benefited by the alteration in proportion to the benefits received, leaving it to the public at large to pay only so much of the whole mass of damages assessed as should remain after appropriating in satisfaction thereof the moneys derived from the benefits received. Instead of making a general assessment of all damages, the commissioners have ignored the claims of every abutting owner but one. Instead of providing in the manner directed by the statute for the payment of the damages which they did assess, they have left them to be altogether satisfied out of the city treasury. This course of procedure was plainly unjust to the taxpayers of the city. It was equally unjust to the prosecutors, whose claims were disregarded, unless they, by their conduct in not sooner taking judicial

proceedings for the enforcement of their rights, had disentitled themselves to relief.

Ordinarily, the time which the prosecutors permitted to elapse between the incurring of their damages and the suing out of these writs would have barred them from now enforcing their claims against the city. In the case of *Stewart* v. *Hoboken, supra,* a much shorter delay on the part of the prosecutor in the assertion of his rights was considered such laches as to justify the dismissal of the writ. But we think that, under the conditions existing in the present case, the prosecutors were justified in their non-action. At the time of making the change of grade in these various streets, the city, as has already been stated, denied any liability for injury to abutting property-owners, contending that the act of 1889 was not applicable to it. The question whether that act was applicable was the one involved in the litigation in the Clark case. The prosecutors knew this, and knew that if, by the decision in the Clark case, it was finally determined to be so, the commissioners of assessments would be required by the terms of that statute to award all the damages sustained by abutting property-owners through the alterations of the grades of Broad street, North Broad street and Morris avenue, and would also be compelled to assess those damages upon the lands and real estate benefited by such alterations in proportion to the benefits received. With this knowledge they considered that the institution by each of them of proceedings similar to that which had been commenced by Clark would merely harass the city and cause an expenditure of considerable amounts of money in litigation without producing any other result than that which would follow from the decision of the Clark case. They therefore awaited the termination of that case without affirmative action on their part, and are now only complaining that the commissioners of assessments, in their official action subsequent to the determination of that case, have neglected to do what the Court of Appeals decided their official duty required.

If these prosecutors, instead of being abutting owners on the various streets involved in the Clark litigation, were owners of property upon some other street in the city of Elizabeth, and, having suffered injury by a change of street grade in front of their lands, had seen fit to wait for the decision of the Clark case before taking steps for the assertion of their rights, an entirely different situation would have been presented. In such a case they would have been in no better condition than if they had owned property in Trenton or Newark which had been injuriously affected by the alteration of street grades, and had refrained from asserting their rights until the determination of the case of Clark *v.* Elizabeth, for the reason that the decision of that case would settle the question of municipal liability for the injuries which they had sustained. In such a case the doctrine of Stewart *v.* Hoboken would undoubtedly apply.

Considering, as we do, that the assessment under review does not comply with the requirements of the act of 1889, that the prosecutors were not in laches by reason of their failure to institute legal proceedings pending the determination of the Clark suit, and that they were, therefore, entitled to have their damages awarded by the commissioners of assessments at the time when they made their application for that purpose, we conclude that the assessment should be set aside, so far as it fails to make a proper award of damages to the prosecutors for the injury sustained by them (if any) by the lowering of the grade of said street, in order that a new assessment may be made in conformity to the provisions of the act of 1889.

The prosecutors are entitled to costs.